**C13-5662**

**FILED**

DEC 1 0 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### STANDING ORDER FOR
### MAGISTRATE JUDGE DONNA M. RYU
*(Revised July 3, 2012)*

Parties shall comply with the procedures in the Federal Rules of Civil (or Criminal)

Procedure, the Northern District of California's Local Rules and General Orders, and this standing

order, all of which are available at http://www.cand.uscourts.gov. Failure to comply with any of the

rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other

appropriate sanctions.

### CALENDAR DATES AND SCHEDULING

1.      Criminal motions are heard on the second and fourth Thursdays of the month at 11:00 a.m.,

or during the regular criminal calendar when Judge Ryu is on criminal calendar duty. Civil motions

are heard on the second and fourth Thursdays of the month at 11:00 a.m. Civil case management

conferences are heard on Wednesdays at 1:30 p.m. Civil pretrial conferences are heard on

Wednesdays at 3:00 p.m.

2.      Parties must notice motions (other than discovery motions) pursuant to the local rules.

Parties need not reserve a hearing date, but should confirm the court's availability at

http://www.cand.uscourts.gov. The court may reset hearing dates as the court's calendar requires.

3.      For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510)

637-3639.

### CONSENT CASES

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file

a written consent to the assignment of a United States Magistrate Judge for all purposes, or written

declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to

dismiss or a motion for remand), the moving party must file the consent or declination

simultaneously with the motion. In no event shall the consent or declination be filed later than the

deadlines specified in Civil L.R. 73-1(a)(1) and (2).

///

///

**CHAMBERS COPIES AND PROPOSED ORDERS**

5.     Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "Chambers." Please three-hole punch the chambers copy and submit it to the Oakland Clerk's Office.

6.     Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed. This address should only be used for this stated purpose unless otherwise directed by the court.

**CIVIL CASE MANAGEMENT**

7.     No later than seven days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for All Judges of the Northern District of California governing "Contents of Joint Case Management Statement," available on the Court's website.

8.     Parties may not stipulate to continue a case management or pretrial conference without court approval. Each party shall be represented **in person** at the Case Management Conference by lead trial counsel (or a party if *in pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made at least one week in advance of the hearing if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference. The facts establishing good cause must be set forth in the request.

9.     All case management conferences are audio recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

**CIVIL DISCOVERY**

**Discovery Disputes**

10.     In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure. The parties shall not file formal discovery motions. Instead,

1   as required by the federal and local rules, the parties shall first meet and confer to try to resolve their

2   disagreements.  The meet and confer session must be *in person or by telephone,* and may not be

3   conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no

4   later than five business days after the meet and confer session, unless otherwise directed by the

5   court.  **Lead trial counsel for both parties must sign the letter,** which shall include an attestation

6   that the parties met and conferred in person or by telephone regarding all issues prior to filing the

7   letter.  Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each

8   party's position with appropriate legal authority; and provide each party's final proposed

9   compromise before moving to the next issue.  The joint letter shall not exceed ten  pages without

10  leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so**

11  **that each side has adequate time to address the arguments.**  In the rare instance that a joint letter

12  is not possible, each side may submit a letter not to exceed four  pages, which shall include an

13  explanation of why a joint letter was not possible.  The parties shall submit one exhibit to the letter

14  that only sets forth each disputed discovery request in full, followed immediately by the objections

15  and/or responses thereto.  No other information shall be included in any such exhibit.  No other

16  exhibits shall be submitted without prior approval by the court.  The court will review the

17  submission(s) and determine whether formal briefing or proceedings are necessary.  **Discovery**

18  **letter briefs must be e-filed under the Civil Events category of Motions and Related Filings >**

19  **Motions - General > "Discovery Letter Brief".**

20  11.     In the event that a discovery hearing is ordered, the court has found that it is often efficient

21  and beneficial for counsel to appear *in person*.  This provides the opportunity, where appropriate, to

22  engage counsel in resolving aspects of the discovery dispute while remaining available to rule on

23  any disputes that counsel are not able to resolve.  For this reason, the court expects counsel to appear

24  in person.  Permission for a party to attend by telephone may be granted, in the court's discretion,

25  upon written request made at least one week in advance of the hearing if the court determines that

26  good cause exists to excuse personal attendance, and that personal attendance is not needed in order

27  to have an effective discovery hearing.  The facts establishing good cause must be set forth in the

28  request.

1   12.    In emergencies during discovery events (such as depositions), any party may, after exhausting

2   good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-

3   1(b) by contacting the court through the courtroom deputy. If the court is unavailable, the discovery

4   event shall proceed with objections noted for the record.

5   **Privilege Logs**

6   13.    If a party withholds information that is responsive to a discovery request by claiming that it is

7   privileged or otherwise protected from discovery, that party shall *promptly* prepare and provide a

8   privilege log that is sufficiently detailed and informative for the opposing party to assess whether a

9   document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall

10  set forth the privilege relied upon and specify separately for each document or for each category of

11  similarly situated documents:

12          (a) the title and description of the document, including number of pages or Bates-number

13          range;

14          (b) the subject matter addressed in the document;

15          (c) the identity and position of its author(s);

16          (d) the identity and position of all addressees and recipients;

17          (e) the date the document was prepared and, if different, the date(s) on which it was sent to

18          or shared with persons other than its author(s); and

19          (f) the specific basis for the claim that the document is privileged or protected.

20  Communications involving trial counsel that post-date the filing of the complaint need not be placed

21  on a privilege log. Failure to furnish this information promptly may be deemed a waiver of the

22  privilege or protection.

23                              **SUMMARY JUDGMENT**

24  14.    Motions for summary judgment shall be accompanied by a joint statement of the material

25  facts not in dispute by citations to admissible evidence. If the parties are unable to reach complete

26  agreement after meeting and conferring, they shall file a joint statement of the undisputed facts

27  about which they do agree. Separate statements of undisputed facts shall not be filed and will not be

28  considered by the court.

1

## UNREPRESENTED (PRO SE) PARTIES

2  15.    Parties representing themselves should visit the Quick Link titled "If You Don't Have a

3  Lawyer" on the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal

4  Help Center" for unrepresented parties which is located on the 15th floor, room 2796, of the United

5  States Courthouse, 450 Golden Gate Avenue, San Francisco.

6

7  IT IS SO ORDERED.

8

9  _____
   DONNA M. RYU

10  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA

---

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief:</u> All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR:</u> Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes:</u> Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes    ___ No

14. <u>Other References:</u> Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues:</u> Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure:</u> Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling:</u> Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial:</u> Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.